RUTLEDGE v. THE STATE.　WHITE v. THE STATE.

1. This court will not grant a new trial because of the refusal of the trial judge to grant a continuance of a case on account of the absence of a witness, when it does not appear from the motion for new trial that the movant complied with the law in establishing by legal proof before the judge the facts relied upon in support of the motion for a continuance.
2. The evidence was sufficient to sustain the verdicts.

Argued June 19, — Decided July 19, 1899.

Indictments for cheating and swindling.　Before Judge Harris.　Carroll superior court.　April term, 1899.

*W. P. Cole* and *Felix N. Cobb,* for plaintiffs in error.
*T. A. Atkinson, solicitor-general,* contra.

SIMMONS, C. J.　1.　Plaintiffs in error were placed on trial and were convicted of the offense of cheating and swindling. They moved for new trials, but the motions were overruled by the trial judge.　One of the grounds of each of these motions was predicated upon the refusal of the judge to grant a continuance of the case on account of the absence of a witness.　This ground states that the witness was subpoenaed, was absent not by leave of the defendant, was expected at the next term, that the motion for continuance was not made for delay but to get the evidence of the absent witness, that his evidence was material, etc.　This at first sight seems to comply with the requirements of the code as to the showing for a continuance, but as matter of fact the motion and record in the present case do not show that the facts stated as true in the motion for new trial were shown to the trial judge by legal evidence or otherwise at the time the motion for continuance was made.　As far as the record discloses, these facts may have been merely stated to the court by counsel and not made under oath.　In fact the record discloses only that the motion for continuance was made on account of the absence of the witness, and does not show that the motion was supported by the testimony or statement of the movant or of any one else who had cognizance of the facts.　The approval of this ground of the motion by the trial judge is perfectly consistent with the idea that the motion for continuance was supported only by the statement

of counsel or of the movant, and not by any affidavit or other legal proof. The motion for new trial should disclose that these facts were shown to the trial judge and supported before him by legal proof. In the absence of such a showing, this court is not authorized to reverse the trial judge for refusing to grant the continuance applied for.

2. The evidence introduced on the trial of the cases was conflicting. The jury believed the witnesses for the State, whose evidence was amply sufficient to warrant the verdicts. The trial judge approved the findings, and this court will not control his discretion in refusing to grant new trials upon the ground that the verdicts were contrary to law and the evidence.

*Judgment in each case affirmed. All the Justices concurring.*