### 6839. BRIGMAN *v.* CITY OF BAXLEY.

It appearing that the motion to postpone the trial of the case in the municipal court was not supported by legal proof of the facts relied upon for a continuance, the judge of the superior court did not err in refusing to sanction the petition for certiorari.

DECIDED FEBRUARY 4, 1916.

Certiorari; from Appling superior court—Judge Highsmith. June 28, 1915.

*Padgett & Watson,* for plaintiff in error.

*D. M. Parker,* contra.

RUSSELL, C. J.   The accused was placed on trial in the mayor's court of Baxley, for the offense of keeping intoxicating liquors on hand for the purpose of illegal sale.   A witness testified that the accused delivered him a certain quantity of whisky at the instance of one Carter, and that on a previous occasion, nearly two years before, he had bought from the accused directly a bottle of whisky, for which he paid him 75 cents.   At this point the defendant, through his counsel, asked that the case be postponed only until the next day, when he would produce a named witness who would swear that the whisky which it was testified he sold in the first instance mentioned was in fact sold by another person, and that in the second instance the sale occurred more than two years prior to the charge against him, and therefore was barred.   The mayor overruled the motion, refusing to continue the case, and convicted the defendant.

No one insists more strongly than the writer on the just rule that every possible facility should be afforded to one charged with crime to prepare for his defense.   This court has repeatedly held that in the trial of a criminal case, where it is within the power of the court, by a short postponement, to enable one charged with crime to produce witnesses to rebut testimony against him which the exercise of reasonable diligence could not have anticipated, it is reversible error to refuse such postponement.   If the defendant in the present case had made a proper showing, it would have been the duty of the mayor to postpone the case for one day, or even longer, in order to aid him in rebutting the charge against him.   But there was nothing before the court except the statement of the defendant's counsel; and conceding that ordinarily a statement of counsel is to be accepted as true, this rule does not apply to showings for continuance; for (except when the showing for continuance is based upon the absence of the party himself) the law requires that the showing shall be made by the party.   The defendant was in court, and he himself should have made the showing, and it should have been on oath, and sufficiently full to have demonstrated a reasonable probability that

the witnesses, if present, would testify as indicated by his counsel. We have not referred to the necessity for a showing to the effect that the defendant had used reasonable diligence to procure the attendance of the witnesses, because, as appears from the statement of counsel, the defendant, before the trial, had exhausted every means to ascertain who would be the witnesses against him, by applying to the city clerk, the city marshal, and even to the mayor himself, and each of these officers had declined to tell him the names of the witnesses who would confront him upon his trial. This practice, which apparently is not unusual in some of the municipal courts of this State, in the opinion of the writer merits the severest and most unqualified condemnation of every fair-minded citizen. It is in contravention of the fundamental principle that the State does not lay pitfalls to entrap its citizens. It places the rightful sovereignty of the law, which is entitled to the highest respect (because it is supposed to be great enough and impartial enough to act openly) in the attitude of bushwhacking its citizens. In my opinion, in any case the conduct of the city officials in refusing to give one charged with the violation of a municipal ordinance an opportunity to prepare for his defense increases the propriety and necessity for permitting a postponement; for a refusal to disclose who are the witnesses against the defendant deprives him of a fair opportunity to prepare for his trial. In the present case the trial judge, no doubt, would have sanctioned the certiorari if the defendant had made the requisite showing on oath. As to the necessity for such a showing, the case at bar is controlled by the ruling of the Supreme Court in *Rutledge* v. *State,* 108 *Ga.* 69 (33 S. E. 812).

*Judgment affirmed.*

WADE, J., and BROYLES, J., concurring specially. We agree to the affirmance of the judgment, but not to all that is said in the opinion.