## 7090. HOLLINGSWORTH *v.* THE STATE.

WADE, J. 1. The ground of the motion for a new trial complaining that the court erred in refusing to grant a continuance, because of the absence of a witness by whom the defendant expected to prove certain facts, presents no question for determination by this court, since it does not appear therefrom that the accused, in applying for a continuance, made proof of all facts necessary to constitute a legal showing. *Rutledge* v. *State*, 108 *Ga.* 69 (33 S. E. 812).

(a) Besides, in view of the admission by the defendant, in his statement to the jury, that he had delivered whisky as charged in the accusation, and received money therefor (notwithstanding his assertion that he acted as agent for the purchaser), the judge did not abuse his discretion in overruling the motion for a continuance, which was based upon the absence of a witness who would testify that the defendant did not have any whisky.

2. The 2d ground of the amendment to the motion for a new trial, not being referred to in the brief of counsel for plaintiff in error, will be treated as abandoned.

3. Taken in connection with the entire charge, the court did not intimate an opinion prejudicial to the accused by the following instruction to the jury: "You look to the evidence, gentlemen, and see whether or not any liquor was delivered, from the evidence, to the party in the presence of this witness in this case."

4. Where one is accused of the illegal sale of liquor, evidence that money passed and whisky was delivered as a single transaction is sufficient to support a verdict. *Donaldson* v. *State*, 3 *Ga. App.* 451 (60 S. E. 115). Where the defendant contends that he acted merely as agent for the purchaser, the onus is upon him to show where, how, and from whom he got the liquor, and the jury may wholly disregard his explanation, uncorroborated by the testimony of any witness. *Slaughter* v. *State*, 17 *Ga. App.* 332 (86 S. E. 741); *Touchstone* v. *State*, 17 *Ga. App.* 333 (86. S. E. 744); *King* v. *Hazlehurst*, 16 *Ga. App.* 335, 337 (85 S. E. 271); *Wolf* v. *State*, 16 *Ga. App.* 250; *Mack* v. *State*, 116 *Ga.* 546 (42 S. E. 776).

(a) In this case there was direct evidence of an agreement as to price, and of the delivery of a certain quantity of whisky to the purchaser in return for the deposit by him of the stipulated price in a place designated by the accused, from which the accused promptly thereafter removed the money, and also an admission by the accused, in his statement to the jury, that he delivered the whisky in question to the purchaser and collected the price thereof; and, though this admission was accompanied with the further statement by him that he acted only as the agent for the purchaser, his statement as to the agency was uncorroborated by the testimony of a single witness.

5. The court did not err in failing to instruct the jury as to circumstantial evidence, since the conviction did not depend solely upon evidence of

that character, there being direct proof of all the elements necessary to constitute a sale.

*Judgment affirmed. Russell, C. J., absent.*
DECIDED MARCH 16, 1916.

Accusation of sale of liquor; from city court of Carrollton—Judge Beall.   November 13, 1915.

*Smith, Reese & Smith,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.