### 7585.   COWART *v.* THE STATE.

WADE, C. J.   1.   Where one is accused of the illegal sale of whisky, evidence that money passed to him and whisky was delivered by him as a single transaction is sufficient to support a finding that the transaction was a sale. *Donaldson* v. *State*, 3 *Ga. App.* 451 (60 S. E. 115); *Hollingsworth* v. *State*, 17 *Ga. App.* 725 (88 S. E. 213).

(a) The case of *Brown* v. *State*, 17 *Ga. App.* 281 (86 S. E. 529), is distinguishable from this case. In that case the money was not "passed" and the whisky delivered simultaneously, and in the opinion of the majority of this court the circumstances in proof did not definitely establish such a close connection between the two acts as to compel the inference that they constituted a single transaction. At all events, any actual or seeming conflict between the decision in that case and the decisions in the *Donaldson* and *Hollingsworth* cases, supra, must be resolved in conformity with the rulings in the *Donaldson* and *Hollingsworth* cases, since these cases were decided by a full bench, whereas only two Judges agreed to the decision in the *Brown* case; and besides, the *Donaldson* case is the older precedent.

2. The motion for a new trial was based upon the general grounds only. There was some evidence to authorize the verdict, and this court can not usurp the function of the jury and arbitrarily set aside their finding, which has been approved by the trial judge.

*Judgment affirmed.*

DECIDED OCTOBER 18, 1916.

Accusation of sale of liquor; from city court of Miller county— Judge Geer.   May 6, 1916.

*B. B. Bush,* for plaintiff in error.

*N. L. Stapleton, solicitor,* contra.