## 9712. SEABOARD AIR-LINE RAILWAY *v.* THE STATE.

No error of law having been committed, and the verdict being authorized by the evidence, the refusal of a new trial was not error.

DECIDED NOVEMBER 16, 1918.

Indictment for violating liquor law; from Crisp superior court— Judge Crum. March 30, 1918.

The Seaboard Air-Line Railway Company was convicted of having, controlling, and possessing alcoholic, spirituous, malted, vinous, fermented, and intoxicating liquors, and was fined $1000 and costs of court. A motion for a new trial was overruled, and the defendant excepted.

J. M. Clements, for the State, testified, that he saw three trunks, just alike and having consecutive check-marks, at the union passenger-station; that one of them had something leaking out of it that smelled like whisky; that from a quart to a half gallon ran out; that the man in charge of the baggage-room said that he wanted to wash that up before a cop came along, and he went to the water spigot and "poured water on where the whisky was on the concrete," and that he saw these trunks put on the train. T. N. Turk,

for the State, testified, that he saw said trunks on this occasion loaded on a truck, and "one of the trunks was wet where the whisky had come from the lid and run down to the bottom; the trunk had been turned over; you could smell whisky there; the whole air was perfumed with it, and there was some of it on the trunk;" that he called the attention of Mr. Luffman, the agent of the defendant, to the fact that the trunks were there in that condition, and the agent replied that he thought there was whisky in them too; that the trunks were checked from Ashburn to Americus; that baggage is transferred at Cordele from the Georgia Southern to the Seaboard by truck, this being a distance of about 150 or 200 feet; that it was in full view of everybody and in a public place; that he also called the agent's attention to the excelsior sticking around the trunks. Olin Johnson, for the State, testified, that he saw the three trunks; that one of them was damp; that he smelled the whisky; that he saw the contents of two of the trunks after they were taken out; and that they contained beer and whisky.

W. W. Sims, for the defendant, testified, that he was baggage-agent for the defendant at Cordele; that his attention was not attracted to the trunks so far as his official duties were concerned; that he did not see anything leaking from any of them; and that he "did not get any water to wash up where the whisky was leaking; no whisky was leaking." R. L. Luffman, for the defendant, testified, that he was agent at the union depot and represented all the roads, including the defendant company; that his attention was called to these trunks on this occasion; that "only now and then there would be a drop of something out of the trunk, one of the trunks, that smelled like whisky or something that had whisky in it;" that the trunks were checked from Ashburn to Americus, and they were carried around and put on the Seaboard train and went to Americus; that he "had no knowledge at all that there was any other whisky in that trunk that had not already dripped out;" that there was nothing about the trunks to attract attention; that Mr. Turk did not tell him that there was a trunk out there that had whisky in it; that he could smell whisky; that he was in charge of the employees at the depot, including the baggage-masters; and that he saw no excelsior sticking out from the trunks.

*Whipple & McKenzie,* for plaintiff in error.

*Joseph B. Wall,* solicitor-general, *Jesse Grantham.*

HARWELL, J. 1. In the motion for a new trial it is contended that a fine of $1000 is excessive and unjust. This cannot be made a ground for a new trial, and therefore will not be considered. *Sable* v. *State,* 22 *Ga.* App. 768 (97 S. E. 271), and cases cited.

2. The trial judge did not err in refusing to allow the agent of the defendant railroad company to testify what his policy was and what he had done on previous occasions relative to baggage containing whisky. Compare *Donalson* v. *State,* 3 *Ga. App.* 452 (2) (60 S. E. 115).

3. The seventh ground of the motion for a new trial is without merit, and a discussion thereof is unnecessary.

4. No error is shown in the eighth ground, which assigns error on the refusal of the court to permit a witness for the defendant to testify as to what his duties were with reference to the matter of whisky being transported or received in possession as baggage. It was not shown that the witness was present or had anything to do with the transaction under investigation.

5. It is complained that the court sustained an objection to the following question propounded to a witness for the State (a policeman) : "State whether or not you have ever received any extra compensation" (referring to reward for reporting violations of the prohibition law in cases previous to the one on trial). Testimony as to compensation in the case on trial would have been material and admissible to show the interest of the witness, but compensation in previous cases could not affect his testimony in the instant case, and the objection was properly sustained.

6. Error is assigned on certain excerpts from the charge of the court, to the effect that it is a violation of the law for a common carrier, a corporation, to have, control, and possess intoxicating liquors in this State. The law relating to this subject is found in section 1 of the act of the General Assembly approved March 28th, 1917, and is as follows: "It shall be unlawful for any corporation, firm, person or individual to . . have, control, or possess, in this State, any of said enumerated liquors or beverages whether intended for personal use or otherwise, save as hereinafter excepted." The act by its plain terms makes it unlawful for *any* corporation to have, control, or possess, in this State, any of the liquors mentioned. There is no exception in behalf of common carriers. We cannot agree with the learned counsel for the plaintiff

in error that the express mention of common carriers in another part of the same section and elsewhere in the act shows that it was the intention of the General Assembly to except common carriers from the provisions of this law. We think that the act clearly indi-cates that it was the intention of the legislature to prohibit intoxi-cating liquors, except in specified cases, from being transported into or within, or possessed or controlled in, this State by any person whatsoever, natural or artificial. This intent is made clear by the fact that the act names every conceivable one who could transport or possess or control intoxicating liquors. The defendant company is a corporation, and consequently is included under the plain terms of the act.

7. Error is assigned on the charge of the court to the effect that if the defendant company came into possession of the liquors innocently, and afterwards received information that the packages contained intoxicating liquors, and, after receiving such informa-tion, took possession and control over the packages and transported them in the county as a common carrier, the jury would be author-ized to find the defendant guilty. This was adjusted to the issue in the case, and, when considered in connection with the evidence and the charge of the court as a whole, we find no error therein.

The evidence amply authorized the verdict, which was approved by the trial judge; and no error of law was committed. The judg-ment overruling the motion for a new trial is

    *Affirmed. Broyles, P. J., and Bloodworth, J., concur.*