### 4102. MORROW TRANSFER CO. v. HEARD.

No error of law being complained of, and, under well-established rules of law, the verdict in the plaintiff's favor being amply supported by evidence, the judgment is affirmed, and ten per cent. of the amount thereof is taxed against the plaintiff in error as damages, because of the inference that the writ of error was sued out for delay only.

DECIDED MAY 22, 1912.

Action for damages; from city court of Atlanta—Judge Reid. February 28, 1912.

*J. S. Slicer, Daniel McDougald,* for plaintiff in error.

*Colquitt & Conyers,* contra.

POTTLE, J. A man nearly·seventy years of age, with defective vision, went out into the middle of Broad street in Atlanta, to ascertain if an approaching street-car was one which would take him to his destination. Finding that it was not, he turned to go back to the sidewalk. As he did, horses attached to a large transfer wagon of the defendant and driven by one of its drivers came

suddenly upon the old man from the rear, and touched the back of his head. Not having time to get out of the way, he attempted to catch the bridle-bit and stop the horses. He missed the bridle and caught the harness or traces, and began hollering. The driver was talking to somebody over on the sidewalk, and did not see or hear the old man, who was thrown and caught in the wagon and dragged thirty-five or forty feet, and, in consequence, his hip·was broken and he was otherwise injured. Upon this state of facts a verdict for $1,500 was returned in his favor, and the case has been brought here for review, upon the sole complaint that the verdict is without evidence to support it.

We are at a loss to understand how it can be seriously insisted that this verdict is not supported by evidence. The driver was guilty of gross negligence,. in driving along a crowded public thoroughfare of a populous city, looking in another direction, talking to a man in the rear; and apparently totally indifferent to his surroundings or the possibility of injury to pedestrians. Under the evidence the plaintiff could not have avoided the driver's. negligence after it became apparent, nor was he guilty of negligence in the manner in which he attempted to avoid the injury. We have not the slightest inclination to disturb this verdict, and if we had, it would be beyond our constitutional power to do so.

While it may not be so in fact, legally speaking we can reach no other conclusion than that the case was brought to this court for delay only. It results that the motion of the defendant in error to assess against the plaintiff in error ten per cent. of the verdict as damages for frivolous appeal must be sustained; and it is so ordered. *Rogers* v. *Tiedeman, 9 Ga. App.* 811.

*Judgment affirmed, with damages.*