### 5308.   COHN *v.* CODY SALES STABLE CO.

1. The apparent preponderance of the evidence was in favor of the verdict, but there was evidence which would have authorized a verdict in the plaintiff's favor.  According to the testimony of one of the witnesses, the defendant's servant, in charge of its team, drove rapidly down one of the public thoroughfares of the city, without looking ahead, and was engaged in conversation with a person in the rear of the wagon; and after the plaintiff's son fell in the street, in a position from which he could not extricate himself, the vehicle was driven a distance of 123 feet, and ran over and injured the boy.  This testimony would have authorized a verdict in the plaintiff's favor.

2. A parent can not be said to be guilty of negligence merely because he permits an eight-year-old boy to ride a tricycle in a city, upon a public street of sufficient width to make it apparently safe, under ordinary circumstances, for the thoroughfare to be thus used.  There was no evidence in the present case which authorized an instruction upon the theory that the parent of the boy was guilty of negligence, and such an instruction was sufficiently prejudicial to demand the granting of a new trial.

3. The word "servant," as used in section 4413 of the Civil Code, includes an employee in charge of a vehicle, the negligent operation of which causes injury to another.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Columbus—Judge Tigner. October 15, 1913.

*A. W. Cozart, McCutchen & Bowden,* for plaintiff.
*Battle & Hollis, Thomas J. Shanks,* for defendant.

POTTLE, J. 1.   The plaintiff in error brought an action for damages on account of an injury to the person of his minor son, eight years of age, who was run over on one of the public streets of the city of Columbus by a wagon driven by an employee of the defendant. The jury found for the defendant, and the plaintiff's motion for new trial was overruled.  It appears, from the evidence, that the street upon which the injury occurred was a broad thoroughfare, about 100 feet in width, 60 feet of which was used as a driveway for vehicles, and the remainder for sidewalks on either side of the

street. At the time of the casualty the street was being used at that place by three drays going in a westerly direction on the north side of the street, and by one wagon going east in the centre of the street. There was no other traffic, so far as the evidence discloses, on the thoroughfare at or near where the plaintiff's son was injured. According to the testimony of a witness for the plaintiff, the boy rode out into the street on a tricycle in the rear of one of the vehicles, and, while attempting to throw his coat on one of the wagons, fell and got his foot between the spokes of a wheel of the tricycle, and was run over, while on the ground attempting to extricate himself from the tricycle, and was injured as above stated. According to this witness, the wagon which ran over him was 123 feet from the boy at the time he fell. The team was being driven in a rapid trot, and the driver had turned around and was talking with some one in the rear of the wagon, and in a position where he could not see ahead of the team. According to what appears to be the great preponderance of the evidence, the boy rode out into the street on his tricycle, in the rear of the wagon upon which he attempted to throw his coat, at a time when the defendant's team was only a few feet behind. The driver was in the exercise of due care and was looking ahead. The mules of his team were in a walk, and it was impossible to stop them after the boy fell. According to these witnesses, the injury was an unavoidable accident. Unquestionably the verdict in favor of the defendant was well warranted by the evidence. Indeed, from what appears to be the great preponderance of the evidence, the jury reached the right result, but there was evidence which would have authorized a verdict in favor of the plaintiff. The jury might have found that the defendant's servant was negligent in driving the team in a trot along a public thoroughfare, where people were likely to be on the street, without looking ahead to see that no one might be injured. *Morrow Transfer Co. v. Heard,* 11 *Ga. App.* 187 (74 S. E. 1006).

2. Error is assigned upon the following instruction to the jury: "Before the plaintiff in this case would be entitled to recover he must show, first, that he, or anyone to whom he entrusted the care of his minor son, exercised ordinary care and diligence for the safety of his son in preventing him from going into a dangerous place." Several times in his charge the trial judge stressed the point that before the plaintiff would be entitled to recover, it must

appear that he himself, as parent of the child, was free from fault. There was no evidence to authorize an instruction of this nature. Indeed this is conceded by counsel for the defendant in error in their brief, for they say, "The plaintiff in error, by his own testimony (and this was the only testimony upon the question), absolved himself and his family as being free from any fault in permitting the child to be upon the street at that time. Because of the immature age of the child, the defendant did not urge any act of negligence upon the part of the child." They contend, however, that the charge was harmless. We do not think a parent could be said to be negligent merely because he takes no precaution to prevent a boy, eight years of age, from riding a tricycle upon one of the public streets of a city; nor do we think the mere fact that a boy may have been permitted by his parents thus to use a public thoroughfare would prevent the parent from recovering for damage resulting from the negligent injury of the boy. We can not agree with counsel for the defendant that the instructions were harmless. As we have before remarked, the verdict seems to be right under the evidence, but we must deal with this erroneous instruction as though the testimony for the plaintiff gave a true version of the transaction. So dealing with the evidence, we have a case where a driver of a vehicle negligently fails to keep a lookout ahead, and in consequence thereof drives 123 feet and runs over and injures a boy lying in a helpless position in the street. The court, in effect, instructed the jury that even though this be the truth of the case, the plaintiff would, nevertheless, not be entitled to recover if the jury believed that he himself was lacking in ordinary care in failing to prevent his son from going into a dangerous place. In the first place, the jury would naturally assume that the judge would not give them an instruction not adapted to the evidence; and in endeavoring to apply this instruction to the evidence they might very well have reached the conclusion that the trial judge intended to submit for their determination the question whether the plaintiff ought to have prevented his boy from riding a tricycle upon one of the public streets of the city; and if they were of the opinion that the defendant was lacking in due care in permitting his son thus to go upon the public highway, they ought to find in favor of the defendant. The instruction as given was, we think, prejudicial, and entitled the plaintiff to a new trial.

3. Counsel for the defendant insist (in accordance with the view expressed in *Lockett* v. *Pittman,* 72 *Ga.* 817) that the word "servant," as used in section 4413 of the Civil Code, applies only to domestic servants. This question was before this court in the case of *Toole Furniture Co.* v. *Ellis,* 5 *Ga. App.* 271 (63 S. E. 55), wherein it was held that the owner of a dray was liable for damages resulting from the negligence of his driver. The case of *Lockett* v. *Pittman,* supra, was discussed, and it was held that the dictum in that case would not be followed, because, while the decision had not been expressly overruled, it was evident from later decisions of the Supreme Court that this view of the law had not been followed. Counsel cite the decision in *Chastain* v. *Johns,* 120 *Ga.* 977 (48 S. E. 343, 66 L. R. A. 958), as approving *Lockett* v. *Pittman.* We think, however, that an examination of the opinion in the *Chastain* case will show that nothing in it amounts to an approval of so much of the decision in *Lockett* v. *Pittman* as undertakes to lay down the rule that a person would not be responsible for a tort committed by a servant other than a domestic servant. We are not disposed to withdraw anything that was held in *Toole Furniture Co.* v. *Ellis.* We do not think, however, that there was any evidence which would authorize an instruction to the jury upon the theory that the driver was guilty of wantonness or wilfulness. It is true that an injury may be wanton without being intentional in fact; and where it results from gross carelessness and a reckless disregard of the rights of others, the natural consequences of the reckless act will be presumed to have been intended. *Central of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119 (74 S. E. 854). There was no evidence that the driver of the defendant knew that the boy was on the street in a position of peril, and that, knowing this fact, he was lacking in ordinary care to prevent injury to the boy. If the jury believed that the driver drove his team in a trot down the public highway without looking ahead, they could find that he was guilty of negligence, but this, without more, would not justify the inference that he was guilty of such reckless disregard of the rights of others as to amount to wantonness.                    *Judgment reversed.*