28848.   ANDREWS *v.* NORVELL.

DECIDED JULY 2, 1941.

*Nathan Jolles, Paul T. Chance,* for plaintiff.

*Curry & Curry, Maurice Steinberg,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) This case turns on whether the wrongful act of Carpenter, the employee of the defendant in charge of the beer saloon owned by the defendant, was committed within the line of duty of Carpenter as an employee of the defendant. An employer is liable for the wilful or malicious acts of his servants done in the course of his employment and within its scope although they are not done by the express direction of the employer or with his assent. The owner of an establishment operated for the purpose of selling beer to the public owes a duty to a customer, who is lawfully in his place of business by his implied invitation for the purpose of purchasing beer, to protect the customer against a wilful and intentional tort committed by one employed by him to operate such establishment. *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875). See Ciarmataro *v.* Adams, 275 Mass. 521 (176 N. E. 610, 75 A. L. R. 1171); Archuleta *v.* Floersheim Mercantile Co., 25 N. M. 632 (187 Pac. 272, 40 A. L. R. 199). "Every person shall be liable for torts committed by his . . servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Code, § 105-108. The word "servant" as here used means an employee as well as a domestic servant. *Cohn* v. *W. E. Cody Stable Co.,* 14 *Ga. App.* 234 (80 S. E. 661). "In the scope of his business," "in the scope of his employment," and similar expressions, have sometimes been given too narrow a meaning. If the act done by the employee is done in the prosecution of the business of the employer, that is, if the employee is at the

time of the commission of the wrongful act engaged in serving his employer, the wrongful act is done "in the prosecution and within the scope of" the employer's business. See *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618).

The question is, was the employee of the defendant, at the time he committed the tort complained of, acting in an individual capacity or as an employee of the defendant in charge of the latter's beer saloon? The plaintiff entered the saloon to buy beer. The defendant maintained a bar in the beer establishment and there were also seats provided by the defendant for his customers to sit on. The plaintiff was given the beer by the defendant's employee in charge of the saloon, and was told by this employee to sit down and drink his beer. This employee personally conducted the plaintiff to a seat in the saloon and told him to sit down, which the plaintiff did. In all of these matters the defendant's employee clearly was acting in the prosecution and within the scope of his employment. This employee of the defendant had placed on the seat, to which he conducted the plaintiff and on which he told him to sit, a substance known as oil of mustard. He had placed this substance there with the intention of procuring the plaintiff or some other person and customer of the defendant to sit on the seat and thereby come in contact with the substance. It is alleged that oil of mustard is a substance which burns the flesh of a person coming in contact therewith. It is alleged that the purpose of the defendant's employee was to perpetrate a practical joke on the plaintiff, and to wilfully injure him by placing the oil of mustard on the seat and in causing the plaintiff to sit on it. The act of the servant in causing the plaintiff to take a seat in the saloon was an act within the scope of his employment, and the wrong which resulted in the plaintiff's injury consisted in the manner in which this employee performed this act. The employee was not acting in his individual capacity at the time he perpetrated the wrong on the plaintiff. Clearly, in all that this employee did he was acting for the defendant and under the direction of the defendant except in placing the oil of mustard on the seat. It was the duty of the defendant to provide seats in the saloon so that customers could be seated while they drank beer, and it was the duty of this employee to assist such customers and direct them in this regard. "A master rarely commands a servant to be negligent, or employs him with

the expectation that he will commit a negligent or wilful tort." *Fielder* v. *Davison*, supra. It follows that, under the allegations of the plaintiff's petition as amended, the wrongful act of the defendant's employee complained of was in the prosecution of the defendant's business, and was not in the prosecution of the individual business of the employee. See *Atlanta Hub Company* v. *Jones*, 47 *Ga. App.* 778 (171 S. E. 470) ; *J. M. High Co.* v. *Holler*, 42 *Ga. App.* 657 (157 S. E. 209) ; *Brown* v. *Union Bus Company*, 61 *Ga. App.* 496 (6 S. E. 2d, 388). The theory that one may be a servant one minute, and the very next minute step aside and act in his individual capacity, and then the next minute step back into his capacity as a servant is too refined a distinction. Since to exonerate the master from liability it is essential that the deviation should be for purposes entirely personal to the servant, where the servant, notwithstanding the deviation, is engaged in the master's business within the scope of his employment, it is immaterial that he join with this some private purposes of his own. See *Limerick* v. *Roberts*, 32 *Ga. App.* 755 (124 S. E. 806) ; 39 C. J. 1297. The act of the employee of the defendant in perpetrating the joke on the plaintiff was not entirely disconnected with the purposes of his employment. There was not a total departure from the course of the master's business, so that the servant might be said to be "on a frolic of his own" for which the master would no longer be answerable. See Pollock on Torts, 76.

The court therefore erred in revoking and setting aside the previous order overruling the general demurrer of the defendant and in sustaining such demurrer and dismissing the petition as amended.

*Judgment reversed. Sutton and Felton, JJ., concur.*