37962. DuPREE *v.* BABCOCK.

Decided November 25, 1959.

*Cook, Llop & Long, Joseph L. Llop,* for plaintiff in error.
*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Harold N. Hill,* contra.

NICHOLS, Judge. 1. The defendant Mrs. DuPree did not assign error on the judgment overruling her general and special demurrers and such judgment is therefore established as the law of the case. See Section 2 of the act of 1957 (Ga. L. 1957, pp. 224, 229; Code, Ann., § 6-701) which provides that such judgment is now reviewable when a writ of error is first presented in this court, and all questions which may be presented in the main bill of exceptions or in a cross-bill of exceptions, but are not, are deemed waived. *Hodgkins* v. *Marshall,* 102 *Ga.* 191 (1) (29 S. E. 174). See also *Carmichael Tile Co.* v. *McClelland,* 213 *Ga.* 656 (2) (100 S. E. 2d 902).

2. The following allegations of the petition were admitted by the defendants' answer: "The defendants, against whom this action is brought, are Mrs. Lillian B. DuPree, who resides at 1759 Wilmont Drive, N. E., DeKalb County, Georgia, and who does business under the name of the 'Clovis Club', and Eugene J. Brandt, who resides at 1079 Burton Drive, N.E., DeKalb County, Georgia. Said defendants are subject to the jurisdiction of this court. On or about March 28, 1957, the

defendant Mrs. Lillian B. DuPree held wine and beer permits, approved by the Mayor and Board of Aldermen of the City of Atlanta, on September 28, 1955, for the sale of wine and beer at 614 Glen Iris Drive, N.E., Atlanta, Georgia. On or about March 28, 1957, the defendant, Mrs. Lillian B. DuPree was the proprietor of the 'Clovis Club' located at 614 Glen Iris Drive, N.E., Atlanta, Fulton County, Georgia. The 'Clovis Club,' a self-styled 'Sho-Bar', invited the public to attend a 'Girl Show' and to purchase beer, wine, champagne, liquor and other alcoholic beverages. On the said date the defendant Eugene J. Brandt was the manager and operator of the 'Clovis Club', having been employed by the defendant Mrs. Lillian B. DuPree. The defendant Eugene J. Brandt as manager and operator of the 'Clovis Club' had the duty of promoting the sale of alcoholic beverages, the duty of seeing that the customers were entertained, the duty of seeing that the 'Club' closed at an established time, and the duty of supervising other employees. At or about 1:30 a.m. on March 28, 1957, and at the conclusion of the last act of the show, the defendant Brandt secured from the comedian in the show a pistol which was loaded with blanks and which was made up like a machine gun." In addition to the above allegations, the petition also alleged, among other things, that the defendant Brandt while acting within the scope of his employment walked through the "Clovis Club" discharging the pistol in the air to amuse the customers, and continuing to amuse the customers suddenly and without warning pointed the pistol at the plaintiff's midsection and pulled the trigger and the exploding gunpowder caused certain alleged painful burns and other injuries. After admitting the allegations quoted above, and denying other allegations the defendants alleged the following: "For further answer defendants say that the defendant Brandt, acting as an individual on the morning in question, after the entertainment was concluded, and after it was time for the Clovis Club to be closed, purely as a prank and without malice or desire to harm anyone, did fire the dummy machine gun which was loaded with 22 blank ammunition, and it is possible that the plaintiff may have accidentally been singed thereby. Defendants allege that the singeing was com-

pletely superficial and could not have caused any pain and suffering such as is alleged in the petition, or have been the proximate cause of any cyst which the plaintiff might have developed in November, 1957. Defendants allege that if any such cyst did develop the same was purely coincidental and not the result of any injury received by the plaintiff growing out of the occurrence described in the petition."

The defendant's contentions are: 1. The case is not one for summary judgment since she did not admit, but expressly denied, the allegations of the petition that: "The defendant Brandt in shooting said pistol at all times referred to herein was acting within the scope of his employment by the defendant Mrs. Lillian B. DuPree." and 2. The case is not one for summary judgment because, even if liability exists and is adjudicated by summary judgment adverse to her, the same issues would have to be tried and presented to the jury in view of the allegations in the petition as to malice and the prayers for exemplary damages.

Taking the above contentions of the defendant Mrs. DuPree in the order set forth above it is seen that what she is really seeking to assert in her first contention is that although the defendant Brandt was her employee, agent and servant, and was charged with the duty of "promoting the sale of alcoholic beverages, the duty of seeing that the customers were entertained, the duty of seeing that the 'Club' closed at an established time, and the duty of supervising other employees," and was so engaged during the early hours of the morning when the plaintiff was admittedly injured, at least to some extent, that when he injured the plaintiff in Mrs. DuPree's place of business he had stepped out of his role as agent, servant and employee and solely as an individual undertaking began to explode blanks in the pistol and was so engaged when the plaintiff was injured.

"If the assault arose out of the business which the employee was authorized to transact and was so closely connected thereto 'as to form a part thereof, the company would be liable. If the assault did not so arise and was so remote as to be an act of the employee alone, the master would not be liable." *Schwartz* v. *Nunnally Co.*, 60 *Ga. App.* 858, 860 (5 S. E. 2d 91). "An em-

ployer is liable for the wilful or malicious acts of his servants done in the course of his employment and within its scope although they are not done by the express direction of the employer or with his assent. The owner of an establishment operated for the purpose of selling beer to the public owes a duty to a customer, who is lawfully in his place of business by his implied invitation for the purpose of purchasing beer, to protect the customer against a wilful and intentional tort committed by one employed by him to operate such establishment. *Lemaster v. Millers*, 3 *Ga. App.* 451 (126 S. E. 875). See *Ciarmataro v. Adams*, 275 Mass. 521 (176 N. E. 610, 75 A.L.R. 1171); *Archuleta v. Floersheim Mercantile Co.*, 25 N. M. 632 (187 P. 272, 40 A.L.R. 199). 'Every person shall be liable for torts committed by his . . . servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary.' Code, § 105-108. The word 'servant' as here used means an employee as well as a domestic servant. *Cohn v. W. E. Cody Stable Co.*, 14 *Ga. App.* 234 (80 S. E. 661). 'In the scope of his business,' 'in the scope of his employment,' and similar expressions, have sometimes been given too narrow a meaning. If the act done by the employee is done in the prosecution of the business of the employer, that is, if the employee is at the time of the commission of the wrongful act engaged in serving his employer, the wrongful act is done 'in the prosecution and within the scope of' the employer's business. See *Fielder v. Davison,* 139 *Ga.* 509 (77 S. E. 618)." *Andrews v. Norvell*, 65 *Ga. App.* 241, 243 (15 S. E. 2d 808).

Applying this law to the facts alleged and admitted in the present case where admittedly the defendant Brandt was engaged in the scope of his employment up until the time he began firing the pistol or dummy machine gun and where his duties included entertaining the customers in Mrs. DuPree's establishment, and where he fired the gun as a "prank" in the presence of such customers it cannot be denied that he was in fact acting within the scope of his employment when he fired the "blanks" so close to the plaintiff as to burn him as the hot gunpowder exploded. Accordingly, this contention of the defendant Mrs.

DuPree as to why the trial court erred in granting the summary judgment is without merit.

The second contention, that in view of the allegations of malice and the prayers for exemplary damages the same issues would have to be presented to the jury, is palpably without merit because the summary judgment as to the issue of liability would exclude from the necessary evidence to prove the plaintiff's case—evidence as to the duties of the defendant Brandt and whether he was engaged in the scope of his employment at the time in question thereby excluding the necessity of presenting evidence to support the doctrine of respondeat superior. It would also exclude the necessity of proving that Brandt had actually shot the plaintiff.

The trial court did not err in sustaining the plaintiff's motion for summary judgment as to the issue of liability and such judgment must be affirmed.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. I think the court erred in sustaining the motion for a summary judgment as to liability. Neither the plaintiff in the trial court in his affidavit nor the defendant DuPree in her answer stated as a fact that at the time the employee discharged the gun he was acting in the course of his employment. The overruling of the demurrers to the petition meant only that the allegations of the petition were to be accepted as true on demurrer, and not as matters of fact. The ruling on the demurrers adjudicated for one thing, that if the facts alleged were found to be true by a jury, the jury would be authorized but not required to find that Brandt was acting in the scope of his employment at the time he discharged the gun. The ruling of the majority in this case will forever take away from a jury the right and power to decide anything but that a defendant is liable where demurrers to a petition have been overruled and the question to be decided is whether the act of an employee during the period of employment is performed in the course of the employment and on the business of the employer. The *Schwartz* and *Cohn* cases cited in the majority opinion mean only that the petitions therein set forth causes of action.

They did not purport to hold that the defendant was liable as a matter of law under the facts alleged. The allegations in the *Andrews* case, cited by the majority, clearly distinguish it from those in this case, as in that case the horseplay was alleged to be a part of the employment with the employer's knowledge and consent.