46674.   SHELL v. WATTS et al.
46717.   HELTON v. WATTS et al.

EVANS, Judge. This case is somewhat complicated and involved, so in order to make it more easily understood, we set forth the following factual situation.

Mrs. Evelyn Watts, plaintiff, sued Clayton Shell, a minor (age 17), as defendant. She alleged that Shell had shot and killed her minor son, Steve Watts (17 years of age). Clayton Shell, through his duly appointed guardian ad litem, denied liability and filed a third-party complaint against William Watts, father of the deceased child. Shell alleged that said father was liable to Shell (if Shell was held liable) because the father had allowed his minor son to use a mechanically defective and dangerous instrument; and had failed to warn Shell of said defects.

William Watts, the father, sought a dismissal of the third-party complaint on the ground that he was immune under the theory that such a suit would interfere with and disturb the family relationship, between father and son, and therefore, is not allowable. William Watts also filed a counterclaim seeking to require Shell to pay Watts for certain losses arising from the homicide of Watts' son. His motion to dismiss was granted.

The original defendant, Shell, then filed a motion to bring in two additional parties as third-party defendants, to wit: Elliott and Helton. He alleged that Elliott had sold the defective shotgun to Helton, and Helton had sold same to William Watts, both warranting it to be fit for the ordinary purposes for which it would be used.

Helton and Elliott both defended against the third-party complaint and moved for dismissal of same, contending (1) there was no privity between them and defendant Shell; (2) Shell had not complied with the statute (§ 14 CPA; *Code Ann.* § 81A-114 (a)) as to filing and service; (3) more than two years had passed since the right of action had accrued as provided in *Code* § 3-1004, as

amended (Ga. L. 1964, p. 763); and (4) the sellers' warranty, whether express or implied, in the instant case, did not extend to any of those persons named and set forth in the Uniform Commercial Code, § 109A-2—318 (Ga. L. 1962, pp. 156, 191), and (5) neither Helton nor Elliott had been properly served so as to give the court jurisdiction over his person. In his answer Elliott denied that he was subject to the jurisdiction of the court, and by amendment to his motion to dismiss, contended he could not be sued in this court because he is a resident of an adjoining county.

The motion to dismiss as to Helton was denied, and certified for immediate appeal. Helton appeals from that judgment in case # 46717.

The court sustained the motion to dismiss as to Elliott, holding the judgment of dismissal to be a final order under § 54 CPA (*Code Ann.* § 81A-154 (b); Ga. L. 1966, pp. 609, 658). Shell appeals in case # 46674 from this judgment as well as from the earlier order dismissing the counterclaim against William Watts, in which no express determination was made. *Held:*

1. The third-party complaint was filed against the defendants Helton and Elliott in compliance with the provisions of § 14 of the CPA (*Code Ann.* § 81A-114 (a); Ga. L. 1966, pp. 609, 627; 1969, p. 979) after the court entered the necessary statutory order allowing Helton and Elliott to be made third-party defendants, and requiring that additional third-party summons issue. There is no merit in the contention by Helton and Elliott that the third-party practice was not followed.

2. The third-party complainant is not barred by the statute of limitation because of the minority of the defendant Shell (third-party complainant). We hold against the contention of Helton and Elliott that the statute of limitation applies differently as respects the third-party practice. The minor could have waited until his disabilities were removed to bring his claim. See *Code* § 3-801. We do not find this statute to have been amended or

repealed, directly or by implication, by the Civil Practice Act of 1966, as amended.

3. Under *Code* § 105-106, as amended (Ga. L. 1968, pp. 1166, 1167), no privity is necessary to institute an action for tort. If the tort results from a violation of a duty, itself the consequence of a contract, the right of action is generally confined to the parties and privies of that contract (except in cases where the party would have the right of action for the injury done independently of the contract; and except as provided in the Uniform Commercial Code, *Code Ann.* § 109A-2—318, supra). This statute, as amended, also provides for the liability of the manufacturer in tort irrespective of privity. The merchant, Helton, is bound and held as a defendant here regardless of privity. See in this connection *Diamond Alkali Co. v. Godwin,* 100 Ga. App. 799 (2) (112 SE2d 365); *Smith v. Clarke Hdw. Co.,* 100 Ga. 163 (28 SE 73, 39 LRA 607); *Griffith v. Chevrolet Motor Div. of General Motors Corp.,* 105 Ga. App. 588 (125 SE2d 525); *Blood Balm Co. v. Cooper,* 83 Ga. 457 (10 SE 118, 5 LRA 612, 20 ASR 324); *Simmons Co. v. Hardin,* 75 Ga. App. 420 (43 SE2d 553); *Eades v. Spencer-Adams Paint Co.,* 82 Ga. App. 123 (60 SE2d 543).

4. Elliott was properly dismissed since under the authority of *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68), the constitutional provision (Art. VI, Sec. XIV, Par. VI; *Code Ann.* § 2-4906) requires all suits to be tried in the county where the defendant resides. The Supreme Court there held that Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) of the Constitution allowing joint tortfeasors, residing in different counties, to be sued in either county, has no bearing on the issue where defendants seek contribution from third-party defendants for any judgment obtained against them. Movant originally raised this attack on the jurisdiction at the first opportunity, and raised same again by amendment to his motion to dismiss. Under the old pleading and practice (*Code* § 81-503) as well as the new (§ 12 CPA; *Code Ann.* § 81A-112 (b), (h)), a failure to except to the

jurisdiction will result in a waiver of the defense of lack of jurisdiction over the person where the court has jurisdiction of the subject matter. However, Elliott did not waive it, and the lower court did not err in dismissing him as third-party defendant.

5. It is noted that the third-party complaint against William Watts was dismissed September 23, 1970, and the notice of appeal was not filed by defendant Shell until August 31, 1971. Yet the dismissal order was not expressly determined to be a final judgment as required under *Code Ann.* § 81A-154, supra; and when Shell appealed from the final judgment against him as to Elliott in Case No. 46674, he was both authorized and required to also have the earlier order reviewed if he wished to appeal therefrom and not waive it. *Hodgkins v. Marshall,* 102 Ga. 191. (1) (29 SE 174); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (2) (100 SE2d 902); *DuPree v. Babcock,* 100 Ga. App. 767, 768 (112 SE2d 415). Watts' dismissal is here reviewable under the authority of Section 1 (b) of the Appellate Practice Act of 1965 (*Code Ann.* § 6-701 (b); Ga. L. 1965, p. 18), even though it was not a final judgment. See *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *Parrish v. Clements,* 123 Ga. App. 495 (181 SE2d 510). The motion to dismiss the appeal as to Watts is denied.

6. It has been many times held that the public policy of this state prevents suits between members of a family, such as an unemancipated child against a parent, or wife against a husband, as such suits tend to disrupt the family tranquillity. *Bulloch v. Bulloch,* 45 Gw. App. 1 (163 SE 708); *Wright v. Wright,* 85 Ga. App. 721 (70 SE2d 152); *Stapleton v. Stapleton,* 85 Ga. App. 728, 729 (70 SE2d 156). Further, it is a general rule that one cannot do indirectly that which the law does not allow done directly. To allow the defendant Shell to have judgment against Watts for all sums adjudged against him by Watts' wife would be tantamount to allowing Watts' wife to sue her husband in tort. The court properly sustained the motion

to dismiss the third-party complaint against Watts because there could be no contribution because of marital immunity. See *Heyman v. Heyman,* 19 Ga. App. 634 (1) (92 SE 25); *Chastain v. Chastain,* 50 Ga. App. 241 (3) (177 SE 828). Judgment is therefore affirmed as to the sustaining of the motion to dismiss William Watts as a third-party defendant.

*Judgment affirmed in both cases. Jordan, P. J., and Quillian, J., concur.*

Submitted October 6, 1971—Decided February 7, 1972— Rehearing denied February 23, 1972—

*Frank M. Gleason, Ross L. Hatcher, III,* for Shell.

*Lindsey H. Bennett, Jr., Daniel P. Daniel,* for Watts.

*Mitchell & Mitchell, Warren N. Coppedge, Jr, Samuel J. Brantley,* for Helton.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick, Bryan M. Storey,* for Elliott.