64286. MILLER, INDIVIDUALLY AND AS ADMINISTRATRIX v. HONEA et al.

CARLEY, Judge.

Henry Miller and Allyne Miller, appellant herein, filed suit against John G. Honea (Honea) and Teamsters Local Union No. 728 (Union) seeking recovery of damages based upon injuries sustained by Henry Miller as a result of an alleged assault and battery perpetrated against Miller by Honea. At the time of the alleged assault, Honea was employed as an assistant business agent for the Union. Honea's duties included the handling of grievances. When Miller, a member of the Union, entered the union hall, several union members were discussing grievances with Honea. Miller joined in the discussion and made several less than complimentary remarks concerning Honea's competence and performance as a representative of the Union. After the discussion became very heated, Miller attempted to leave and an altercation occurred as a result of which Miller sustained the injuries which form the basis of this litigation. Miller died subsequent to the filing of the suit and appellant, already a plaintiff individually, was added as a party in her capacity as Administratrix of the Estate of Henry Miller. The trial court granted the Union's motion for summary judgment and appellant appeals.

It being undisputed that the Union did not specifically authorize Honea to commit the assault upon appellant's decedent, the issue in this case is whether, as a matter of law, Honea was acting outside the scope of his employment so as to insulate the Union from liability as a result of Honea's acts. It is clear that " '[I]n order for the master to be liable for torts committed by his servant, the tort-feasor must either have acted by command of the master or the tortious act must have been perpetrated in the prosecution and within the scope of the master's business. There is no liability on the part of the master arising from the mere relationship of master and servant. [Cits.] . . . There is a long line of decisions to the effect that if the servant steps aside from his employment and acts without the scope of his master's business, and commits a tort, the master is not liable. [Cits.]' [Cits.]." Jones v. Reserve Ins. Co., 149 Ga. App. 176, 178 (253 SE2d 849) (1979).

In the instant case, however, there was evidence that Honea was at his employer's place of business and that he was generally engaged in doing the type of work for which he was hired. In fact, the harsh words which provoked the overt attack by Honea related to the manner and method in which Honea performed — or failed to perform — those duties. "The theory that one may be a servant one minute, and the very next minute step aside and act in his individual capacity, and then the next minute step back into his capacity as a servant is too refined a distinction. Since to exonerate the master from liability it is essential that the deviation should be for purposes entirely personal to the servant, where the servant, notwithstanding the deviation, is engaged in the master's business within the scope of his employment, it is immaterial that he join with this some private purposes of his own." *Andrews v. Norvell,* 65 Ga. App. 241, 245 (15 SE2d 808) (1941). See also *Atlanta Hub Co. v. Jones,* 47 Ga. App. 778 (171 SE 470) (1939); *Brown v. Union Bus Co.,* 61 Ga. App. 496 (6 SE2d 388) (1939).

On the basis of the record before us, we cannot say that, as a matter of law, Honea had so deviated from his duties as to make his assault upon Miller a purely personal act. There being a genuine issue of material fact as to capacity in which Honea was acting at the time of the tort, the question must be resolved by a jury. It follows that the trial court erred in granting summary judgment in favor of the Union. *IBM, Inc. v. Bozardt,* 156 Ga. App. 794, 799 (275 SE2d 376) (1980).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*G. Alan Blackburn, R. Edward Furr, Jr.,* for appellant.
*Frederick C. McLam, Stuart Meyers,* for appellees.