## 74143. AUBREY SILVEY ENTERPRISES, INC.
## v. BOHANNON et al.
### (356 SE2d 693)

BEASLEY, Judge.

We granted employer Aubrey Silvey Enterprises, Inc. interlocutory review of the denial of its motion for summary judgment in a suit for personal injuries stemming from a collision involving its employee Futrell. The sole basis for any potential liability of the employer is the claim that the collision occurred within the employee's scope of employment. The trial court determined that there was a genuine issue of material fact regarding Futrell's scope of employment which required resolution by the jury. The employer urges that there is no such factual dispute and that the court erred in its construction of certain of Futrell's testimony on summary judgment.

Construing the evidence most strongly against the movant employer as we must and giving respondents the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence, *Jacobsen v. Muller*, 181 Ga. App. 382, 384 (4) (352 SE2d 604) (1986), the record on summary judgment showed the following: Futrell was employed by Aubrey Silvey Enterprises as a mechanic. The day of the collision, Futrell spent the morning ordering parts which he planned to pick up at some later time. Futrell took his lunch break around noon that day and planned to pick up some flowers for his wife and then meet her for lunch. On his way to the florist, he was involved in the subject collision; he was driving his own truck at the time. It is undisputed that the company's employees, including Futrell, often used their lunch hours to run business errands, used their own vehicles for business purposes, and accordingly were compen-

sated for gas mileage for their vehicles' business use.

In a statement to the employer's insurer, Futrell stated that his only plans for his lunch break on the day of the collision were to pick up the flowers and meet for lunch. He stated that he had forgotten all about the parts he had ordered that morning. In a later deposition, he stated that although he was not thinking of picking up the parts at the time of the collision, he probably would have remembered to pick them up had the collision not occurred.

The employer argues that this deposition testimony constituted unexplained contradiction which the trial court should have resolved unfavorably to Futrell and that under the remaining evidence, it is entitled to judgment in its favor as a matter of law. Appellee plaintiffs argue that there is no unexplained contradiction in the employee's testimony, and that such evidence coupled with the undisputed facts that the employee often ran business errands at lunch and used his own car for this is enough to create a jury question as to whether or not Futrell was acting within the scope of his employment at the time of the collision.

To begin with, the trial court's order is silent on its construction of the evidence in question, but a careful look at it does not show contradiction, explained or unexplained, which on summary judgment would be controlled by the analysis in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). It is clear from reading both the statement and the deposition that at the time of collision Futrell was on his way to accomplish a personal mission, i.e., going to the florist to get flowers for his wife and then have lunch with her, and that he was not on his way to pick up the parts for the employer and did not even have a present intent to do so after the personal mission was completed.

Appellees assert that Futrell's mission had, at the very least, a joint purpose, and that the employer may therefore be liable. But, " ' "[t]o hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; . . ." (Cit.) *"The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.* (Cit.)" (Cit.)' . . . (Cit.)" *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). In *Curtis*, the focus was on the employee's immediate destination at the time of the accident, rather than the eventual destination.

Even if Futrell intended to pick up the parts at some point in time, the fact remains that at the time of the impact he was in the middle of a personal pursuit. Appellees cite authority that " ' "[t]he theory that one may be a servant one minute, and the very next minute step aside and act in his individual capacity, and then the next

minute step back into his capacity as a servant is too refined a distinction." ' " *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281, 283 (335 SE2d 667) (1985), citing *Miller v. Honea*, 163 Ga. App. 421 (294 SE2d 629) (1982). But these cases are easily distinguishable from the present situation in that both of the incidents for which relief was sought occurred on the premises of the workplace, making it difficult to draw the "fine distinction" between servant and non-agent. This is not a case of an on-the-premises tort.

Construing the evidence most favorably for respondent, appellees, we are compelled to find that at the time of impact, Futrell was engaged in a personal mission unrelated to his employment. The fact that he may have later remembered to attend to the business purpose of picking up the parts or that before setting out on the lunch hour he may have thought about stopping to do the errand at some point during the hour does not alter this. Futrell was not acting within the scope of his employment at the time of collision as a matter of fact. Therefore the employer was entitled to judgment in its favor as a matter of law.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1987 —
REHEARINGS DENIED APRIL 29, 1987 —

*Robert L. Berry, Jr., Terri S. Patterson*, for appellant.
*David H. Tisinger, Robert H. Sullivan, Thomas E. Greer, Jeffrey S. Gilbert, Gerry E. Holmes, Michael L. Murphy*, for appellees.