24156, 24157. RICHMOND COUNTY et al. v. McELMURRAY et al.; and vice versa.

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

442

*Franklin H. Pierce*, for appellants.

*Cumming, Nixon, Eve, Waller & Capers, Joseph B. Cumming, Jay M. Sawilowsky, William C. Reed*, for appellees.

DUCKWORTH, Chief Justice. ■ On the first appearance it. was shown and held that the action of the county authorities and the corporate defendant in entering into an agreement amounting to a purchase plan by creating a debt over a ten-year period amounted to a scheme to circumvent the law in the construction of this public building. Therefore, any future action on their part must be examined in the light of their original attempt to by-pass certain requirements of law in this matter. The new agreement expressly abrogates the old, but it likewise amounts to a contract for 10 years even though it specifically states it is a lease contract for one year with automatic renewal for 9 additional years unless the condition subsequent occurs that if the county desires it can end the contract after any one twelve-month period if it notifies the lessor within 90 days prior to the expiration date of its intention not to renew. It likewise shows a scheme to sell the property to the county at the agreed price on a rental basis by reason of the covenants in the lease that in the event of condemnation the 120 monthly payments. of rent are guaranteed to the corporate defendant from the condemnation award and the authorization to pre-pay the rent and to purchase for $10 provided the 120 monthly payments had been made. While it is true that the award might not equal this amount and in that event no provision is made requiring the county to pay the additional sum less than said amount, yet looking at the entire transaction, that is, the lease agreement and the sale contract made simultaneously, it is a lease for 10 years payable monthly and for the purpose of buying the building on the installment plan over the 10-year period; and although "loopholes" are left in the lease and also in the sale contract whereby the county does not have to buy the property if it does not so desire and may rescind the lease if notification is made in writing 90 days before the end of any twelve-month period, if allowed to continue for a number of years public

officials would be forced to continue it in effect to avoid moral and pecuniary loss to the public and county government by refusing to continue the agreement, and it would always require affirmative action on their part to prevent it from amounting to a 10-year lease and a debt payable for 10 years in the purchase of a public building without the approval of the voters binding on future governing authorities without their approval contrary to constitutional and statutory authorities as ruled in *McElmurray v. Richmond County*, 223 Ga. 47, supra. See also *Renfroe v. City of Atlanta*, 140 Ga. 81, 94-95 (78 SE 449, 45 LRA (NS) 1173). It is a general rule that one cannot do indirectly that which the law does not allow to be done directly. The same defect existing in the new contract as in the old, the lower court did not err in granting the temporary injunction. Whether or not the monthly sums paid as rent are "reasonable" apparently was not passed upon by the lower court.

█ The cross appeal complains of the ruling striking the part of the petition seeking to decree title in the county as being subject to demurrer and the dismissal of the petition as to the Citizens & Southern National Bank. Grounds for such relief are not shown by this petition. The grantee in the security deed to the property, Citizens & Southern National Bank, is not shown to have had any knowledge of any of the charges made, and no grounds for cancellation of its deed are alleged. Without such cancellation title could not vest in the county. The court did not err in sustaining these demurrers and in sustaining the motion to dismiss.

*Judgment affirmed on the main and cross appeals. All the Justices concur.*