75753. FIRST FEDERAL SAVINGS BANK OF GEORGIA
v. EAGLEWOOD COURT CONDOMINIUM ASSOCIATION, INC.
(367 SE2d 876)

CARLEY, Judge.

Appellant-defendant First Federal Savings Bank of Georgia (First Federal) made loans to Richard Burnette, who used the funds to buy condominium units in the Eaglewood Court development. First Federal held purchase money security deeds for each of Burnette's units. Burnette subsequently defaulted on his loans from First Federal and on the condominium association assessments which he was obligated to pay to appellee-plaintiff Eaglewood Court Condominium Association, Inc. (Eaglewood). First Federal foreclosed on the property by exercising its power of sale as contained in the security deeds. After First Federal had assumed ownership of the units, Eaglewood sought payment from First Federal of a pro rata share of the defaulted assessments. See OCGA § 44-3-80 (f). First Federal refused to pay and Eaglewood brought this suit against First Federal. Eaglewood not only sought a recovery of a pro rata share of the defaulted assessments, but also sought a recovery as to such various penalties for late payment and attorney's fees as were provided for in the Declaration of Condominium (Declaration). See OCGA § 44-3-109 (a) and (b). In all, Eaglewood sought an amount of not less than $4,880.17. The parties filed cross-motions for summary judgment. The trial court ordered First Federal to pay $4,168.91, having found that sum to represent the principal amount of assessments, delinquency charges, interest, attorney's fees, and expenses of litigation allocable to First Federal. First Federal appeals.

It is clear that Eaglewood is authorized to maintain this civil action against First Federal for the recovery of such sums as are allegedly due to it as unpaid assessments. Not only is there no proscription as to Eaglewood's maintenance of such a civil action, OCGA § 44-3-76 specifically empowers Eaglewood to maintain "an action to recover sums due. . . ." Accordingly, the only issue to be resolved is whether the trial court correctly held that, under the evidence of record, Eaglewood was authorized to recover $4,168.91 as the sum which was due from First Federal.

OCGA § 44-3-80 specifically provides that First Federal, as the foreclosing first mortgagee, "shall not be liable for nor shall the condominium unit be subject to a lien for any assessment under this Code section or under any condominium instrument chargeable to the condominium unit on account of any period prior to the acquisition of title. . . ." OCGA § 44-3-80 (f). Having unqualifiedly provided that a foreclosing mortgagee shall not be liable for nor shall the condominium unit be subject to a lien "for any *assessment*," the statute then provides that "the unpaid *share* of an assessment or assessments shall be deemed to be common expenses collectable from all of the unit owners, including such holder or other person and [its] successors, successors-in-title, and assigns." (Emphasis supplied.) OCGA § 44-3-80 (f). Thus, while First Federal is clearly not liable nor is its property interest subject to a lien for any *assessment*, it is obligated to pay a pro rata amount of that "unpaid *share*" which becomes a part of the common expenses.

The $4,168.91 judgment that was entered against First Federal does not represent merely a pro rata share of the unpaid assessments. That judgment also included a pro rata share of late charges, interest, attorney's fees, expenses of litigation and fair rental value of the units in question. However, the only basis for recovery by Eaglewood of the additional expenses above enumerated would be as a result of the *lien* established pursuant to the provisions of OCGA § 44-3-109 (a). Subsection (b) of OCGA § 44-3-109 provides that "[t]o the extent that the condominium instruments provide, the *lien* for assessments shall also include" the late charge, interest, litigation expenses, and the fair rental value. However, since OCGA § 44-3-80 (f) specifically provides that no lien shall attach to the foreclosed property under the circumstances involved in this case and that the foreclosing mortgagee shall have no *liability* for an assessment or assessments per se, it must necessarily follow that, pursuant to OCGA § 44-3-80 (f), the only sum which would be "collectable" from First Federal is its pro rata portion of the "unpaid share of [the] assessment or assessments [which became a part of the] common expenses. . . ." To the extent that the trial court entered judgment against First Federal in an amount in excess of its pro rata portion of the unpaid share of the assessment

applicable to the foreclosed units, the trial court erred. Eaglewood would not be entitled to recover from First Federal a pro rata share of the elements enumerated in OCGA § 44-3-109 (b) because those elements arise only from the lien which results from the failure to make a timely payment of assessments. First Federal is liable only for a pro rata share of the original assessments. Accordingly, the judgment of the trial court is reversed with direction that a new order, not inconsistent with this opinion, be entered.

*Judgment reversed with direction. Birdsong, C. J., Sognier, Pope, and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

While I agree with the first portion of the majority opinion as to Eaglewood's right to sue First Federal for the sums due, I must dissent from the analysis applied and the conclusion reached in the latter portion of the decision. It is my opinion that the trial court did not err by including in the judgment the pro rata share of late charges, interest, attorney fees, expenses of litigation, and fair rental value of the foreclosed units. Those sums were properly assessed against the units before foreclosure and pursuant to OCGA § 44-3-109 (a) and (b) and the Declaration. I do not agree that First Federal is only liable for its pro rata share of the base assessments due on the property, and not a portion of the other fees. While it is true that under OCGA § 44-3-80 (f), appellant is not solely liable for the whole amount of the assessments chargeable to the property, it is responsible for a pro rata share of any and all assessments due and owing. The proviso in OCGA § 44-3-80 (f) states that "the unpaid share of an assessment or assessments shall be deemed to be common expenses collectable from all of the unit owners, including such holder or other person and his successors, successors-in-title, and assigns." Under OCGA § 44-3-109 (a) and (b), the items about which appellant complains are categorized as "sums lawfully assessed by the association against any unit owner or condominium unit, whether for the share of the common expenses pertaining to that condominium unit or otherwise," i.e., assessments. I interpret the statute as meaning that although First Federal's status as the foreclosing first mortgagee protects it from a lien and singular liability for those items as assessments, it is still liable for them on a pro rata basis, as common expenses. The judgment clearly indicates that the amount awarded was determined on that basis. I would find no error and would affirm the judgment.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Presiding Judge Banke join in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 30, 1988 —

*John P. Joiner*, for appellant.
*John J. Barrow*, for appellee.