A89A1598. REDDELL et al. v. ALLEN et al.
(386 SE2d 735)

McMURRAY, Presiding Judge.

Plaintiffs Charles and Nona Reddell filed this action for damages against defendants Harold and Carolyn Allen. The original complaint alleges that plaintiff Nona Reddell was injured in a motor vehicle collision with a 1980 Volkswagen negligently operated by defendants' son Yancy Allen and that the proximate cause of the injuries to plaintiff Nona Reddell was the negligence of defendants in entrusting the 1980 Volkswagen to Yancy Allen. By amendment to their complaint, plaintiffs added general negligence as an alternative basis for their claim. This appeal is taken from the grant of defendants' motion for summary judgment. *Held*:

1. A person who may be held liable for negligent entrusting of a vehicle to another is ordinarily the owner of the vehicle. However, such liability can also be imposed upon any other person who has control over the use of the vehicle and is negligent in entrusting it to another. *Jones v. Cloud*, 119 Ga. App. 697, 701 (1b) (168 SE2d 598). Entrusting of a vehicle may be accomplished by sale as well as by

loan. *Pugmire Lincoln-Mercury v. Sorrells*, 142 Ga. App. 444, 448 (236 SE2d 113).

In the case sub judice, defendants' uncontroverted evidence shows that they never had any control over the vehicle driven by their son in the collision at issue. While plaintiffs contend that defendants sold the vehicle to their son and also cosigned and guaranteed the note financing their son's purchase of the vehicle, plaintiffs fail to present any evidence in support of these contentions. The uncontradicted affidavits of defendants and of their son, Yancy Allen, show that defendants had never owned the vehicle driven by their son and that Yancy Allen alone had signed the installment note financing his purchase of the vehicle. Insofar as plaintiffs' claim was predicated on a theory of negligent entrustment, defendants' uncontroverted evidence negated an essential element of plaintiffs' case. Compare *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637).

Nor may plaintiffs prevail on a general negligence theory. Generally, there is no duty to control the conduct of third persons to prevent them from causing physical harm to others. While an exception to the general rule has been acknowledged in *Bradley Center v. Wessner*, 250 Ga. 199, 201 (296 SE2d 693), that decision was not the creation of a "new tort" but the application of traditional tort principles of negligence which are not applicable to the case sub judice. Contrary to plaintiffs' assertions, the defendants have not, by any affirmative act, removed themselves from the general rule. Nor are defendants liable for the torts of their son solely because of the parent-child relationship. *Mayer v. Self*, 178 Ga. App. 94 (1) (341 SE2d 924). The superior court did not err in granting defendants' motion for summary judgment.

2. By their remaining enumeration of error, plaintiffs complain that they were denied the opportunity to make out their case due to scheduling difficulties which prevented the taking of certain depositions. Plaintiffs contend that the superior court erred in denying their motion for continuance of the summary judgment motion hearing and in prematurely ruling upon defendants' motion for summary judgment. However, the record designated by plaintiffs does not contain their motion for continuance, nor does the record support the factual assertions stated in plaintiffs' brief. Under these circumstances, we must presume that the superior court did not err in denying plaintiffs' motion for continuance and in ruling upon defendants' motion for summary judgment. *Garrison v. Dept. of Human Resources*, 184 Ga. App. 449 (1) (361 SE2d 860).

3. Defendants' motion for the imposition of a penalty for frivolous appeal pursuant to Rule 26 (b) of the Rules of the Court of Appeals of the State of Georgia is denied.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 3, 1989.

*Richard D. Phillips, Robert D. Pope,* for appellants.
*Young, Young & Clyatt, James B. Thagard,* for appellees.