A92A1095. KINGSMILL VILLAGE CONDOMINIUM
ASSOCIATION, INC. v. HOMEBANC FEDERAL SAVINGS
BANK.
(420 SE2d 771)

BIRDSONG, Presiding Judge.

Appellee Homebanc Federal Savings Bank (Homebanc) filed a motion to dismiss plaintiff's complaint, pursuant to OCGA § 9-11-12 (b) (6), for failure to state a claim upon which relief could be granted. Appellant/plaintiff Kingsmill Village Condominium Association (Kingsmill) appeals the order of the trial court granting the motion and dismissing its complaint. The trial court concluded that plaintiff's complaint, averring a quantum meruit claim for unjust enrichment under the provisions of OCGA § 9-2-7, was preempted by the provisions of OCGA § 44-3-80 precluding liability upon a foreclosing mortgagee for past-due condominium assessments arising prior to the mortgagee's taking of title. *Held*:

1. "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible." (Citations and punctuation omitted.) *Morgan v. Ga. Vitrified Brick &c. Co.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49). And, the motion " 'should not be granted unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim.' " *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, 766 (3) (409 SE2d 852).

2. OCGA § 44-3-80 (f) pertinently provides: "In the event that the holder of a first or secondary purchase money mortgage of record or any other person acquires title to any condominium unit as a result of foreclosure of a first or secondary purchase money mortgage, such holder or other person . . . shall not be liable for nor shall the condominium unit be subject to a lien for any assessment under this Code

section or under any condominium instrument chargeable to the condominium unit on account of any period prior to the acquisition of title; provided, however, that the unpaid share of an assessment or assessments shall be deemed to be common expenses collectable from all of the unit owners, including such holder or other person and his successors, successors-in-title, and assigns."

Appellant's complaint averred, inter alia, that certain condominium property is subject to the Georgia Condominium Act and the declaration of condominium for Kingsmill; Homebanc held security deeds or deeds to secure debt on each unit which is part of the averred property; between certain averred dates Homebanc filed a deed under power indicating they had foreclosed their security deed on each of the units; Kingsmill manages and maintains the property pursuant to the declaration and the Georgia Condominium Act; pursuant to this Act, Kingsmill is obligated to manage the averred property, insure it and provide for its maintenance; the management, insurance and maintenance provided by Kingsmill directly benefits all holders of legal interest in the property; Homebanc was aware of the delivery of and accepted the benefits from the management, insurance, and maintenance provided the property by Kingsmill; and during the periods *prior* to the foreclosure of the security deeds by Homebanc, appellee Homebanc's borrowers failed to pay required *assessments* in an amount to be proven at trial; and, Homebanc has failed to pay any amounts for services and benefits received in connection with any of the units *prior* to its foreclosure of each individual condominium unit.

In its order dismissing the complaint the trial court noted the following operative facts: Homebanc made purchase money loans on a number of condominium units in Kingsmill Village. These units, pursuant to the declaration of condominium and the Georgia Condominium Act, are managed and maintained by Kingsmill. Homebanc received security deeds from the unit owners to whom it had made purchase money loans. These security deeds were foreclosed after various defaults by the unit owners. *Prior* to the foreclosure, the owners of the condominium failed to pay the condominium assessments on their units. Kingsmill, pursuant to the declaration of condominium, had previously made payments to third parties for insurance, property management and maintenance, which payments were to be recouped through the aforementioned assessments. It must be assumed that these payments benefited Homebanc because of its then existing security interest in the units. Before and after Homebanc foreclosed its security deeds, Kingsmill made demand on defendants as provided in the complaint. The demand related to a time period *prior* to Homebanc's taking title to the units.

In its conclusions of law, the trial court after quoting pertinent

parts of OCGA § 44-3-80 (f), stated: "While [Kingsmill's] complaint does not expressly ask for past-due assessments from [Homebanc], [Kingsmill] has, in effect, done just that. Any amounts expended by [Kingsmill] must and do relate to [Kingsmill's] obligations under the declaration. [Kingsmill's] claim is, therefore, for amounts spent for insurance, management and maintenance costs under a 'condominium instrument chargeable' to the units now owned by [Homebanc]. [Kingsmill] may not sidestep the clear dictates of the aforementioned statute by merely characterizing the payments asked for as something other than condominium assessments. The expenditures, whatever called, are the type of payments covered by the statute." Accordingly, the trial court concluded that Kingsmill's complaint was preempted by OCGA § 44-3-80 and granted Homebanc's motion to dismiss with prejudice.

(a) *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185 (410 SE2d 455) is distinguishable from this case. In *First Fed. Sav. &c. v. Eaglewood Court Condo. Assn.*, 186 Ga. App. 605, 606 (367 SE2d 876), we held OCGA § 44-3-80 (f) "unqualifiedly provide[s] that a foreclosing mortgagee shall not be liable for nor shall the condominium unit be subject to a lien 'for any *assessment*' "; and, such mortgagee "is clearly not liable nor is its property interest subject to a lien for any *assessment*." We agree with the trial court that, nomenclature notwithstanding, the *substance* of Kingsmill's averred claim is recoupment of past assessments, particularly, "for amounts spent for insurance, management and maintenance costs under a 'condominium instrument chargeable' to the units now owned by [Homebanc]." Accordingly, we find appellant's claim precluded by the provisions of OCGA § 44-3-80 (f), and that the trial court did not err in granting the motion to dismiss. A party cannot do indirectly what the law does not allow to be done directly. *Richmond County v. McElmurray*, 223 Ga. 440, 443 (1) (156 SE2d 53).

(b) We are mindful of the proviso to OCGA § 44-3-80 (f) which obligates a foreclosing mortgagee, though not liable for any *assessment*, to pay a pro rata amount of that unpaid share of an assessment or assessments which becomes a part of the common expense. Compare the 5-4 majority and dissenting opinions in *First Fed. Savings &c.*, supra. However, we do not find in the complaint any specific averment that such a claim is asserted, based on quantum meruit or other grounds, for the pro rata amount of an unpaid share of an assessment or assessments deemed to be "common expenses collectible from all of the unit owners, including such holder or other person," within the meaning of OCGA § 44-3-80 (f). Rather, regarding assessments, the complaint avers that Homebanc's *borrowers* "failed to pay required *assessments*" in an amount to be proven at trial but believed to be in excess of $25,000. (Emphasis supplied.)

Nevertheless, as appellant has failed specifically either to argue or provide citation of authority in its brief that its complaint averred in whole or part a claim based on the failure of Homebanc to pay its "pro rata amount" of that unpaid share of an assessment or assessments which have become a part of the "common expenses" within the meaning of the proviso to OCGA § 44-3-80 (f), that issue has been abandoned on appeal. Court of Appeals Rule 15 (c) (2).

Appellant in essence argues that the holding of the trial court, and perforce our own opinion as we affirm the lower court's judgment, has given a windfall to lenders to reap free benefits, such as maintenance and insurance, from homeowners' associations while the lenders pursue foreclosure with less than prompt dispatch, thereby leading to an unjust result and unwarranted financial gain. Suffice it to say the provisions of OCGA § 44-3-80 (f) are not ambiguous, and that if such assertion is shown to be an intolerable effect of this legislation, it is a matter more appropriately for consideration and legislative correction by the General Assembly.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 13, 1992.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz, Timothy L. Sitz*, for appellant.

*Hishon & Burbage, Robert H. Hishon, R. Bradley Carr*, for appellee.