A92A1906. LIPHAM v. FEDERATED DEPARTMENT STORES, INC.
(430 SE2d 590)

Birdsong, Presiding Judge.

This is an appeal from an order of the state court granting the motion for summary judgment of appellee Federated Department Stores, Inc. d/b/a Rich's (Rich's).

Appellant Minnie B. Lipham, a senior citizen, drove to Market Square Mall to take her usual walk. The only reason she went to the mall was to walk around the outside of the Rich's building. Rich's was not yet open that morning and appellant was not going to do any shopping at the mall. While walking, she observed a crowd of about 75 people approximately 50-60 feet away in the parking lot of Rich's store. Being curious appellant left the sidewalk and walked toward the crowd. As she approached, appellant observed a roped-off area in which an organized, competitive-type game was taking place; the event was sponsored by Rich's. People were running back and forth between participants inside this area. The crowd gathered around the outside of the roped-off area was "just standing as a group" watching. Appellant conversed with no one in the crowd either before or after walking to the area. She stood directly in back of a male employee of appellee Rich's. The employee was attending and participating in the Rich's event. The employee turned around very quickly, unintentionally moving into appellant, knocking her to the ground and thereby injuring her. (There exists no evidence of record that the employee was aware of appellant's presence behind him when he turned, nor has any evidence been introduced from which such fact could reasonably be inferred.)

Appellant brought a suit for damages alleging vicarious liability on the part of Rich's, under the doctrine of respondeat superior, for the negligence of its employee. Rich's moved for summary judgment on the grounds appellant was a licensee at the time of the injury and its employee did not wilfully or wantonly injure appellant, and that appellant assumed the risk when she walked to the activity area.

*Held:*

1. The defense of assumption of the risk has three separate elements. *Moon v. Homeowners' Assn. &c.*, 202 Ga. App. 821, 822 (1) (415 SE2d 654). Whether these elements have been established to the extent that no genuine issue of material fact remains thereto will ordinarily, as in this case, constitute a jury question and is not susceptible of summary adjudication. *Thompson v. Crownover*, 259 Ga. 126 (5) (381 SE2d 283). However, the question of assumption of risk does not arise unless there first exists a genuine issue of material fact regarding appellee's liability to appellant for the alleged negligent conduct of appellee's employee.

2. As a general principle of law, the legal duty in this case arises out of the general duty one owes to all the world not to subject them to an unreasonable risk of harm. *Bradley Center v. Wessner*, 250 Ga. 199, 201 (296 SE2d 693). However, *Bradley*, supra, does not create a new tort but, consistent with the broad provision of OCGA § 9-2-3, merely provides for a remedy consistent with the applicable, traditional tort principles of this state (see *Bradley*, supra at 202; *Reddell v. Allen*, 193 Ga. App. 102, 103 (1) (386 SE2d 735)). Thus, in *Bradley*, supra at 201, the Supreme Court clarified the general legal duty owed to the world as follows: " '[N]egligence is conduct which falls below the *standard established by law for the protection of others* against unreasonable risk of harm.' " (Emphasis supplied.) Id. at 201; accord *Dupree v. Keller Indus.*, 199 Ga. App. 138, 142 (2) (404 SE2d 291). *Bradley* merely reaffirms the general legal duty to protect other humans against unreasonable risk of harm; it does not purport to set a legal *standard* applicable to each and every conceivable tortious situation.

*Ellington v. Tolar Constr. Co.*, 237 Ga. 235 (227 SE2d 336), involving a suit for injuries sustained at a construction site by a laborer employed by a subcontractor against the general contractor, is distinguishable from this case.

The complaint in this case avers an alleged act of active negligence committed by an employee of the owner or occupier of the premises where the incident occurred against a third party on the premises. Accordingly, we must now establish appellant's legal status on the premises at the time of the incident to determine the correct legal standard to apply in this case.

The test of status of third party as a licensee is well established by statute and case law. See generally OCGA § 51-3-2; *Savage v. Flagler Co.*, 185 Ga. App. 334, 337 (2) (364 SE2d 52). Although appellant averred in her complaint that she was an invitee, she made the following uncontroverted admissions of fact in her deposition (see generally *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 451 (4) (422 SE2d 305); *Pate v. Ga. Southern &c. R. Co.*, 196 Ga. App. 211, 212

(395 SE2d 604)): She was walking around the outside of Rich's before it was opened for business; she was merely using Rich's sidewalk; the only reason she went to the mall and Rich's was to walk outside; she was not going to do any shopping at the mall, and she spoke to no one either before or after voluntarily joining the crowd in the parking lot. These admissions have not been withdrawn and, even if they could be contradicted, no such evidence exists in this record. We are satisfied, based on the clear and palpable evidence of record, that appellant was as a matter of law on the premises at the time of the incident in the status of a mere licensee.

The legal standard applicable to active negligence cases involving a licensee was reaffirmed by this court in *Wade v. Mitchell*, 206 Ga. App. 265, 267 (424 SE2d 810). In *Wade* we reaffirmed that "the owner of the premises owes only a slightly higher duty to a licensee than to a trespasser. 'He must not wantonly or wilfully injure the licensee; and since the presence of the licensee as a result of his license is at all times probable, some care must be used *to prevent* injuring him *after* his presence is known or reasonably should be anticipated.'" (Second emphasis supplied.) *Wade*, supra at Division 2(c). We further noted that "'[t]he fundamental concept of this class of cases . . . is of a liability only for wilful and wanton injury, but it is *usually* wilful or wanton not to exercise ordinary care *to prevent* injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a *dangerous act* being done or a *hidden peril* on one's premises.'" Id. "'[Thus] as to a licensee . . . "*ordinary care and diligence* must be used *to prevent* injuring him after his presence is known or reasonably should be anticipated"'" to be within the range of a dangerous act or a hidden peril on one's premises. Id. That is, "'[a]fter the presence of the licensee is known, exactly the same acts of caution may be required of the owner to satisfy the legal duty as would be necessary if the licensee were invited.'" Id.

In this case, unlike the circumstances in *Wade*, supra, we find that there exists no evidence from which it can reasonably be inferred that appellant's presence was known or should have been known. In any event, assuming arguendo her presence should have been known, as a matter of law, *appellant was not injured by either the performance of a dangerous act or by a hidden defect in the premises*; the clear and palpable evidence of record is such that a jury could draw but one conclusion — the performance of no dangerous act or the existence of no hidden premises defect caused appellant's injuries. Thus, the portion of the rule in *Wade*, supra, that pertains in situations involving dangerous acts and hidden defects is not applicable to a resolution of the summary judgment issue in this case.

*The proper legal standard in this case is to determine whether there exists a genuine issue of material fact, within the meaning of*

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), *that appellant was injured through the wanton or wilful conduct of the Rich's employee. Wade*, supra. If appellant, as a mere licensee, had sued Rich's directly for injury sustained on Rich's premises, a genuine issue of material fact would have to exist that she was injured by the wanton and wilful conduct of Rich's. The legal standard expressed in *Wade*, supra, is in part a recognition of the legal concept that a party cannot do indirectly that which the law does not allow to be done directly (*Kingsmill Village &c. v. Homebanc &c.*, 204 Ga. App. 900, 902 (2a) (420 SE2d 771)). Whether appellant, as a licensee, seeks to sue Rich's, the premises owner, either on a theory of direct liability or on a theory of vicarious liability, the legal standard remains the same; the standard to be applied is that explained in detail in *Wade*, supra. Applying the applicable portions of the legal standard of *Wade*, supra, and the summary judgment law as expressed in *Lau's Corp.*, supra, we are satisfied the trial court did not err in granting summary judgment to Rich's. We will not reverse the correct judgment of a trial court regardless of the reason given therefor. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673); see *National Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344).

Moreover, " '[s]ummary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.' " *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 68 (4) (397 SE2d 576). There exists but a shadowy semblance of an issue as to appellee's liability in this case whether considered on the grounds of appellee's averred liability as an owner or occupier of the premises, or on the grounds of appellee's averred liability under the doctrine of respondeat superior. Accordingly, we find the trial court did not err as enumerated by appellant.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Cooper, Andrews, Johnson and Blackburn, JJ., concur. Beasley, J., concurs in part and dissents in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in the conclusion that the evidence precludes judgment against the department store based on *its* duty as owner or occupier of the premises, because plaintiff was only a licensee and the evidence conclusively shows that the employee did not act wilfully or wantonly. OCGA § 51-3-2. The duty of the owner or occupier of land is to keep the premises and approaches safe. OCGA § 51-3-1. This statutory duty relates to the condition of the premises and is grounded on defects or changes thereon. The extent of the duty depends on the sta-

tus of the plaintiff in relation to the premises.

Plaintiff has pursued another theory as well, however. The evidence does not foreclose recovery based on *the employee's* duty to exercise ordinary diligence in his actions wherever he is, a duty "raised by the law for the protection of others against unreasonable risks of harm." *Bradley Center v. Wessner,* 250 Ga. 199, 200 (296 SE2d 693) (1982); OCGA § 51-1-2. See also *Ellington v. Tolar Constr. Co.,* 237 Ga. 235, 237-238 (III) (227 SE2d 336) (1976). This does not depend on plaintiff's status vis-a-vis location. There is some evidence that the employee negligently knocked plaintiff to the ground and that he was within the scope of his employment at the time. If those are found to be the facts, the employer would be liable vicariously under the doctrine of respondeat superior. OCGA § 51-2-2; *McCranie v. Langdale Ford Co.,* 176 Ga. App. 281 (335 SE2d 667) (1985). In *McCranie,* as here, plaintiff was allegedly knocked to the ground and injured by an employee on the employer's premises. Recovery was not based on a premises liability theory.

In order to hold the employer liable vicariously, or derivatively, it is not necessary to seek recovery against the employee also. A judgment against a master may be obtained without joining the servant. See *Porterfield v. Gilmer,* 132 Ga. App. 463 (208 SE2d 295) (1974), aff'd 233 Ga. 671 (212 SE2d 842) (1975). Of course, plaintiff must prove the servant/employee's negligence.

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED APRIL 2, 1993 ▮

*John M. Hyatt,* for appellant.

*Drew, Eckl & Farnham, W. Wray Eckl, Elizabeth C. Helm,* for appellee.