A95A0391. ROBERTS v. PRAKAS.
(457 SE2d 688)

JOHNSON, Judge.

John Roberts and Michael Prakas each owned 50 percent of the stock in a restaurant. The deterioration of the business relationship culminated in this litigation, initiated by Roberts. Prior to trial, the court granted Prakas' motion in limine which disallowed evidence regarding events and allegations forming the factual basis of Roberts' amended complaint. Although there are references in the briefs to a transcript of a hearing at which the motion was argued and decided, it is not part of the record on appeal. The trial did not go forward. Rather, the trial court granted Roberts' request for a certificate of immediate review of the ruling on the motion in limine. This court denied Roberts' application for interlocutory appeal.

Believing the grant of the motion in limine eviscerated his case, and having been denied review by this court, Roberts presented an order to the trial court which directed a verdict against him. The trial judge signed the order as submitted by Roberts, thereby providing

him with a final judgment from which he could directly appeal the ruling on the motion in limine. OCGA § 5-6-34 (a) (1); *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (1) (260 SE2d 20) (1979). This appeal raises the novel issue: Can a plaintiff solicit an adverse adjudication on the merits of a case in order to directly appeal an adverse pretrial evidentiary ruling?

At the outset, we note that this court routinely treats directed verdicts as involuntary dismissals under OCGA § 9-11-41 (b) where no jury has been empaneled and the judge sits as the finder of fact at trial. That Code section provides in part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Here, the plaintiff introduced no evidence, there being no trial. No facts were before the court from which a determination could be made regarding whether there was a right to relief. Also contrary to the Code section, the defendant did not move for the involuntary dismissal; rather the plaintiff himself moved to dismiss his case.[1] The entry of an involuntary dismissal in this context was not authorized by statute and was error.

We recognize both the procedural dilemma in which the plaintiff finds himself, as well as the desire of the trial court to dispose of cases without the necessity of a trial when it appears that the result is certain. Nonetheless, "one cannot do indirectly that which the law does not allow to be done directly." *Richmond County v. McElmurray*, 223 Ga. 440, 443 (1) (156 SE2d 53) (1967). We cannot permit irregular procedures to be followed to accommodate individual cases. The entry of the "directed verdict" must be reversed. Following trial of the case, Roberts may pursue any appellate remedies which may be available to him.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 8, 1995.

*David N. Levine*, for appellant.
*Moffett & Henderson, John W. Henderson, Jr., D. Kevin Wheeler*, for appellee.

---

[1] Of course Roberts could have *voluntarily* dismissed the case without leave of court at any time prior to resting his case at trial. OCGA § 9-11-41 (a). Presumably he had his reasons for not doing so.