A06A1728. GLOBAL DIAGNOSTIC DEVELOPMENT, LLC
v. DIAGNOSTIC IMAGING OF ATLANTA.
A06A1729. GEORGIA DEPARTMENT OF COMMUNITY
HEALTH v. DIAGNOSTIC IMAGING OF ATLANTA.
A06A1730. GLOBAL DIAGNOSTIC DEVELOPMENT, LLC
v. NORTHSIDE HOSPITAL, INC.
A06A1731. GEORGIA DEPARTMENT OF COMMUNITY
HEALTH v. NORTHSIDE HOSPITAL, INC.

(643 SE2d 338)

JOHNSON, Presiding Judge.

In 2001, North Atlanta Scan Associates, Inc., relocated its diagnostic imaging center from one Atlanta location to another. In 2003, the Georgia Department of Community Health issued a cease and desist order, directing North Atlanta to shut down its facility because it had failed to obtain the required certificate of need before relocating the imaging center.[1] Thereafter, Global Diagnostic Development,

───────

[1] The cease and desist order was upheld by the superior court, and that decision was

LLC, applied to the department for a certificate of need, proposing to purchase the equipment and assets of North Atlanta for the purpose of operating a diagnostic imaging center at that same location. The department granted the certificate of need, allowing the transfer of the North Atlanta equipment and assets to Global.

Northside Hospital, Inc., and Diagnostic Imaging of Atlanta, competitors with Global, appealed the department's decision to grant the certificate of need, arguing that the sale of assets from North Atlanta to Global is a sham transaction because both companies are owned by the same person, Dr. Howard Rosing. A hearing officer affirmed the department's decision to grant the certificate of need to Global, and the State Health Planning Review Board affirmed the hearing officer's decision.

Northside and Diagnostic sought judicial review, and the superior court reversed the board's final decision. Global and the department filed separate applications for discretionary review of the trial court's ruling in favor of Northside and Diagnostic. Because the appeals arise from the same facts and raise the same issues, they shall be considered together in this opinion.

1. Global and the department assert that the trial court erred in failing to give deference to the board's final decision. We agree.

The department is charged with administering the State Health Planning and Development Act[2] to create a system for planning new health service institutions to avoid costly duplication of services where insufficient need exists.[3] Under the system, a provider seeking to offer a new health care service must first apply for a certificate of need, and the department must determine that a need exists in the service area before issuing a certificate.[4] When reviewed by a court, the board's final decision, which is, by definition, the department's final decision, is entitled to deference.[5]

> Agencies provide a high level of expertise and an opportunity for specialization unavailable in the judicial or legislative branches. They are able to use these skills, along with the policy mandate and discretion entrusted to them by the legislature, to make rules and enforce them in fashioning

---

affirmed by this court in *North Atlanta Scan Assoc. v. Dept. of Community Health*, 277 Ga. App. 583 (627 SE2d 67) (2006).

[2] OCGA § 31-6-1 et seq.

[3] *Dept. of Community Health v. Gwinnett Hosp. System*, 262 Ga. App. 879, 880 (586 SE2d 762) (2003).

[4] Id. at 881.

[5] *Ga. Dept. of Community Health v. Satilla Health Svcs.*, 266 Ga. App. 880, 885 (598 SE2d 514) (2004); *Dept. of Community Health v. Gwinnett Hosp.*, supra at 882-883.

solutions to very complex problems. Thus, their decisions are not to be taken lightly or minimized by the judiciary. Review overbroad in scope would have the effect of substituting the judgment of a judge or jury for that of the agency, thereby nullifying the benefits of legislative delegation to a specialized body.[6]

Here, the trial court ruled that it does not have to defer to the department's decision because this case involves a question of law that is not within the department's area of specialized knowledge. According to the trial court, that question of law is whether Global, North Atlanta and Dr. Rosing have violated the general rule that one cannot do indirectly that which the law does not allow to be done directly.[7] The trial court concluded that Global, North Atlanta and Dr. Rosing have circumvented the department's cease and desist order, and have thus done indirectly something that the law does not allow to be done directly.

The trial court's judgment is flawed. First, the court's reliance on the rule that one cannot do indirectly what the law does not allow to be done directly is misplaced because Global, whose certificate of need application is under review, has not done anything that the law does not allow.[8] On the contrary, Global has followed the statutory mandate that it apply for a certificate of need before commencing health care services.[9] And after an extensive evidentiary hearing, the department has concluded that Global qualifies under the statutory considerations for a certificate of need.[10] The trial court erred in failing to give proper deference to that decision.

Moreover, in finding that Global, North Atlanta and Dr. Rosing have accomplished something that the law does not allow, the trial court has erroneously disregarded the corporate forms of Global and North Atlanta.

Georgia still recognizes corporate identity as separate from that of its principals or owners, so long as the corporate forms are maintained. The law of corporations is founded on the legal principle that each corporation is a separate entity,

---

[6] (Citation and punctuation omitted.) *Dept. of Community Health v. Gwinnett Hosp.*, supra at 882.

[7] See *Richmond County v. McElmurray*, 223 Ga. 440, 443 (1) (156 SE2d 53) (1967).

[8] Compare *Richmond County*, supra (county could not get around unlawful contract that had not been approved by voters and bound future governing authorities by rescinding it and entering into another contract that had same defects as old contract).

[9] See OCGA § 31-6-40 (b).

[10] See OCGA § 31-6-42 (a).

distinct and apart from its stockholders. We have long recognized that great caution should be exercised by the court in disregarding the corporate entity. And a member of a limited liability company similarly is considered separate from the company and is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company.[11]

In the current case, there is no evidence that the corporate forms of Global and North Atlanta have not been maintained. On the contrary, as the hearing officer found from the evidence, Global is a separate and distinct corporate entity from North Atlanta, and its proposal to acquire the equipment and assets of North Atlanta is a bona fide transaction between two separate legal entities. Nevertheless, the trial court, with no discussion or analysis of those valid corporate forms, simply disregarded them and treated Global and North Atlanta as a single entity, presumably because they are both owned by Dr. Rosing. But sole ownership of a corporation by one person is not a factor, nor is the fact that the sole owner uses and controls it to promote his ends; rather, there must be evidence of abuse of the corporate form.[12] Given the absence of any evidence of such abuse of the corporate form, the trial court erred in disregarding those forms and treating the separate legal entities as one.

A court may reverse the final decision of the department only if substantial rights of the appellant have been prejudiced because the procedures followed by the department, the hearing officer, or the review board or the administrative findings, inferences, and conclusions contained in the final decision are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the department, (3) made upon unlawful procedures, (4) affected by other error of law, (5) not supported by substantial evidence, or (6) arbitrary or capricious or characterized by abuse of discretion.[13] Because none of these factors exists in the instant case, the trial court erred in reversing the department's final decision to grant Global a certificate of need.

2. Because of our holding in Division 1, we need not address the appellants' other arguments.

*Judgment reversed in all cases. Miller and Ellington, JJ., concur.*

---

[11] (Citations and punctuation omitted.) *Yukon Partners v. Lodge Keeper Group*, 258 Ga. App. 1, 5-6 (572 SE2d 647) (2002).

[12] *Soerries v. Dancause*, 248 Ga. App. 374, 375 (546 SE2d 356) (2001).

[13] OCGA § 31-6-44 (m).

DECIDED MARCH 8, 2007 —

*Balch & Bingham, Michael J. Bowers, T. Joshua R. Archer*, for Global Diagnostic Development.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Senior Assistant Attorney General, Kimberly W. Schroer, Assistant Attorney General*, for Georgia Department of Community Health.

*Ray & Sherman, John W. Ray, Schreeder, Wheeler & Flint, David H. Flint*, for Diagnostic Imaging of Atlanta.

*Parker, Hudson, Rainer & Dobbs, John H. Parker, Jr., Leo E. Reichert, Thomas D. Watry*, for Northside Hospital.