25-1272-cv
*Griffin v. Travelers Prop. Cas. Co. of Am.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

W.A. GRIFFIN, M.D.,

       *Plaintiff-Appellant*,

    v.                                        25-1272-cv

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, UNITED STATES FIDELITY AND GUARANTY COMPANY,

       *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:            W.A. GRIFFIN, *pro se*, Atlanta, Georgia.

FOR DEFENDANTS-APPELLEES:       JONATHAN E. SMALL, Robinson & Cole LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vernon D. Oliver, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 15, 2025, is **AFFIRMED AS MODIFIED**.

Plaintiff-Appellant W.A. Griffin, M.D., proceeding *pro se*, appeals from the district court's judgment dismissing her complaint for lack of standing and failure to state a claim. Griffin sued Defendants-Appellees Travelers Property Casualty Company of America ("Travelers") and United States Fidelity and Guaranty Company ("Fidelity"), asserting breach of contract and tort claims. Griffin, a physician and the owner of Dermatology Boutique LLC ("Dermatology Boutique"), alleged that she discovered hidden cameras near her office's entrance that she believed "were strategically placed to spy on [her] and Dermatology Boutique patients and office staff," and sought to recover under insurance policies with Travelers and Fidelity. Supplemental App'x at 259. The defendants moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion, concluding that Griffin lacked standing to sue under the Fidelity Policy and had otherwise failed to state a claim against either defendant. *See generally Griffin v. Travelers Prop. Cas. Co. of Am.*, No. 24-CV-1298, 2025 WL 1432766 (D. Conn. May 14, 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de*

*novo."* *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025) (internal quotation marks and citation omitted). Because Griffin "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court correctly dismissed Griffin's amended complaint.[1] First, we agree with the district court that Griffin lacked standing to sue for breach of contract under the Fidelity Policy's property coverage section. "Where, as here, jurisdiction is predicated on diversity of citizenship, a plaintiff must have standing under both Article III of the Constitution and applicable state law in order to maintain a cause of action." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 173 (2d Cir. 2005). In this case, Griffin was not a party to the Fidelity Policy—the only "Named Insured" was "Dermatology Boutique LLC." Supplemental App'x at 4. Under Georgia law, "[i]n order for a third party to have standing to enforce, or reform, a contract, it must appear clearly from the contract that it was intended for the benefit of the third party. The mere fact that the third party would benefit from performance of the agreement is not alone sufficient." *Bouboulis v. Scottsdale Ins. Co.*, 860 F. Supp. 2d 1364, 1373 (N.D. Ga. 2012) (internal quotation marks and citation omitted). The Fidelity Policy's

---

[1] Both sides agree that Georgia law applies to Griffin's claims. Moreover, in ruling on the motion to dismiss, the district court properly considered the insurance policies because they were integral to Griffin's amended complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion . . . ." (emphasis omitted)).

property coverage section did not clearly reflect that it was intended for the benefit of Griffin. Unlike other sections of the Policy, the property coverage section used "you" and "your," which the Policy defined as "the Named Insured," Supplemental App'x at 97, and the sole "Named Insured" was "Dermatology Boutique LLC," *id.* at 7.

Griffin argues that she had standing because she was the sole owner of Dermatology Boutique LLC. However, "a member of a limited liability company . . . is considered separate from the company and is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company." *Glob. Diagnostic Dev., LLC v. Diagnostic Imaging of Atlanta*, 643 S.E.2d 338, 341 (Ga. Ct. App. 2007) (internal quotation marks and citation omitted). Nor could Griffin substitute Dermatology Boutique LLC into the action because, as a *pro se* litigant, Griffin could not bring claims on behalf of her LLC in federal court. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney.").

Although the district court correctly concluded that Griffin, on behalf of herself, lacked standing to sue for breach of the Fidelity Policy's property coverage section, it did not state that the dismissal of the claim was without prejudice. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[D]ismissals for lack of subject matter jurisdiction must be without prejudice, rather than with prejudice." (internal quotation marks and citation omitted)). We therefore affirm the judgment as modified to specify that the dismissal of the claim for breach of the Fidelity Policy was without prejudice. *See United States v. Adams*, 955 F.3d 238, 250–51 (2d Cir. 2020) (recognizing this Court's authority to modify and affirm judgments under 28 U.S.C. § 2106).

4

Second, because Griffin's brief raises no challenge to the district court's dismissal of her claim for breach of the Travelers Policy, she has abandoned any related arguments. *See Green*, 16 F.4th at 1074. In any event, we agree with the district court that she failed to state a claim for breach of the Travelers Policy. That Policy provided coverage when the insured became "legally obligated to pay as damages" for certain claims, *see* Supplemental App'x at 190–91, but Griffin did not allege that she had become legally obligated to pay any damages.

Finally, the district court correctly concluded that Griffin failed to state a claim for bad faith denial of her insurance claims. "[T]he exclusive remedy for an insurance company's bad faith refusal to pay a claim is set forth in OCGA § 33–4–6." *Anderson v. Georgia Farm Bureau Mut. Ins. Co.*, 566 S.E.2d 342, 345 (Ga. Ct. App. 2002). Under Section 33–4–6, an insurer is liable if (1) there was "a loss which is covered by a policy of insurance"; (2) the insurer refused to pay "within 60 days after a demand" by the policyholder; and (3) "such refusal was in bad faith." OCGA § 33–4–6(a). Additionally, "[b]ad faith claims under the Georgia insurance code . . . are available only as between insureds and their insurers." *J. Smith Lanier & Co. v. Se. Forge, Inc.*, 280 Ga. 508, 510 (2006) (internal quotation marks and citation omitted).

Here, Griffin lacks standing to bring a claim under Section 33–4–6 against Fidelity because, as explained above, she is not the insured party under the applicable policy. *See id.*; *see also Owens v. Allstate Ins. Co.*, 455 S.E.2d 368, 369, (Ga. Ct. App. 1995) (reasoning that, because the plaintiff "was not the policyholder with [the insurer], she had no standing to complain of any alleged negligence or bad faith on the part of [the insurer] under OCGA § 33–4–6"). Thus, although we affirm the district court's dismissal of Griffin's claim against Fidelity for bad faith denial, we do so for lack of standing rather than for failure to state a claim. Accordingly, as with

the claim for breach of contract, we likewise affirm the judgment as modified to specify that the dismissal of the claim against Fidelity for bad faith denial of insurance coverage is without prejudice. *See Adams*, 955 F.3d at 250–51.

As to her claim against Travelers, Griffin failed to plausibly allege a covered event. As described above, Griffin did not plausibly allege that she or her LLC had become "legally obligated to pay damages" such that coverage under the Travelers Policy applied. Thus, the district court correctly concluded that she failed to state a claim for bad faith refusal against Travelers.

\*     \*     \*

We have considered Griffin's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM AS MODIFIED** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6